IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    08-cv-01323-RPM-MJW

BRYAN WILLMER, et al.,

Plaintiffs,

v.

ABRAHAM ZIMROTH,

Defendant.

---

**ORDER REGARDING
RECORDS FROM ASPEN CHALLENGE TRAINING PROGRAM
AND
RECORDS FROM SYLVIA H. EPSTEIN, Ph.D.**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court per the Oral Stipulation (docket no. 14) which was made an Order of Court regarding Defendant's records from the Aspen Challenge Training Program and records from Sylvia H. Epstein, Ph.D.

The court has numbered the records from the Aspen Challenge Training Program from page 1 through page 53, inclusive, and the records from Sylvia H. Epstein, Ph.D., from page 1 through page 11, inclusive. This court has now reviewed such records, *in camera*, per this Court's Order on February 6, 2009. *See* courtroom minutes/minute order dated February 6, 2009 (docket no. 14). After reviewing the legal brief by the Plaintiff and the attachments to such legal brief and taking judicial notice of the court's file, this court finds:

1.    That I have jurisdiction over the subject matter and over the parties to this

lawsuit;

2.   That venue is proper in the state and District of Colorado;

3.   That each party has been given a fair and adequate opportunity to be heard;

4.   That Defendant Zimroth has not filed any legal brief by March 11, 2009, as ordered by this court on February 6, 2009, regarding the subject records listed above.  *See* docket no. 14;

5.   That Defendant Zimroth testified in his deposition that he suffers from dyslexia and dysgraphia, and that he has been classified as "learning disabled."  Zimroth attended a specialty high school for learning disabled students.  *See* Zimroth's depo. at 16-18;

6.   That Defendant Zimroth was unable to explain the nature and extent of his disability or to provide his specific medical diagnosis even though he was able to testify that his disability causes him trouble with reading and writing.  *See* Zimroth's depo. at 16-18;

7.   That during the week of the alleged incident in question in this lawsuit, Defendant Zimroth was a student in Challenge Aspen, a ski school program designed specifically for the disabled; and,

8.   That the records from Challenge Aspen and the records from Sylvia H. Epstein, Ph.D., that pertain to Defendant Zimroth are relevant on Defendant Zimroth's ability to perceive and recall the facts of the alleged incident in question in this lawsuit noting that the underlying facts in this case regarding liability are highly contested and are discoverable.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That the records from the Aspen Challenge Training Program numbered 1 through 53, inclusive, and the records from Sylvia H. Epstein, Ph.D., numbered 1 through 11, inclusive, are discoverable;

2. That Defendant Zimroth shall deliver to Plaintiffs the records from the Aspen Challenge Training Program numbered 1 through 53, inclusive, and the records from Sylvia H. Epstein, Ph.D., numbered 1 through 11, inclusive, on or before March 31, 2009;

3. That the records from the Aspen Challenge Training Program numbered 1 through 53, inclusive, and the records from Sylvia H. Epstein, Ph.D., numbered 1 through 11, inclusive, may be used by Plaintiffs for the purposes of this case only and for no other purpose, and at the termination of this case Plaintiffs shall return all copies of these records to Defendant Zimroth within 10 days following termination of this case;

4. That the records from the Aspen Challenge Training Program numbered 1 through 53, inclusive, and the records from Sylvia H. Epstein, Ph.D., numbered 1 through 11, inclusive, shall be sealed and not opened except by further Order of Court; and,

5.    That each party shall pay their own attorney fees and costs.


Done this 13th day of March 2009.

                                        BY THE COURT

                                        S/ Michael J. Watanabe
                                        MICHAEL J. WATANABE
                                        U.S. MAGISTRATE JUDGE